**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**WANDA SHAMBO,**

    **Plaintiff,**

    **v.**           **1:04-CV-1478
                 (GLS)**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

---

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **FOR THE PLAINTIFF:** | |
| OFFICE OF STEPHEN J. MASTAITIS, JR.<br>1412 Route 9P<br>Saratoga Springs, New York 12866 | STEPHEN J. MASTAITIS, JR., ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. GLENN T. SUDDABY<br>United States Attorney<br>P.O. Box 7198<br>100 South Clinton Street<br>Syracuse, New York 13261-7198 | WILLIAM H. PEASE<br>Assistant U.S. Attorney |

**Gary L. Sharpe
U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Wanda Shambo challenges the denial of disability benefits by the Commissioner of Social Security. Shambo brings this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final determination. Having reviewed the administrative record, the court affirms the Commissioner's decision.

## II. Procedural History

After Shambo filed for Supplemental Security Income (SSI) and Social Security Disability Insurance (SSDI) in October 2001, her application was denied, and a hearing was conducted by Administrative Law Judge (ALJ) Carl E. Stephan. Shambo alleges disability beginning on October 24, 2000 due to chronic back pain and musculoskeletal impairments. (Tr. 24).[1] On August 11, 2003, the ALJ issued a decision denying benefits, and that decision became the Commissioner's final determination.

## III. Contentions

Shambo contends that the ALJ's decision is not supported by substantial evidence. More specifically, she claims that the ALJ: (1) improperly discounted her complaints of disabling pain and (2) failed to

---

[1] "(Tr. )" refers to the page of the Administrative Transcript in this case.

2

consider her combination of impairments.  The Commissioner counters that substantial evidence supports the ALJ's disability decision.

## IV. Facts

The evidence in this case is not in dispute, and the court incorporates the parties' factual recitations.  *See Pl.'s Br. pp. 2-4, Dkt. No. 9; Def.'s Br. pp. 2-9, Dkt. No. 10.*

## V. Discussion

### A. Standard and Scope of Review

A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision.  *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ.  The ALJ's decision is subject to judicial review on appeal.  *See* 42 U.S.C. § 405(g).  A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence.  *See Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth the crucial factors

justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's "findings is limited to assessing whether substantial evidence in the record supports those findings." *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991); *see also* 42 U.S.C. § 405(g). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Id*. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Id*. However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

4

The court has authority to reverse with or without remand. *See* 42 U.S.C. § 405(g). Remand is appropriate where there are gaps in the record or further development of the evidence is needed. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *see also Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence). Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and "remand for further evidentiary proceedings would serve no purpose." *Parker*, 626 F.2d at 235; *see also Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where remand would result in lengthening the "painfully slow process" of determining disability).

## B.    **Five-Step Disability Determination**

The definition of "disabled" is the same for purposes of receiving Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits. To be considered disabled, a plaintiff seeking SSDI or SSI benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

5

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months[.]" 42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[2]  The Commissioner uses a five-step process to evaluate SSDI and SSI claims.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA).  *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If a claimant is engaged in SGA, she will not be considered disabled.  If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant is found to suffer from a severe impairment, Step Three requires the ALJ to determine whether the

---

[2]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that [s]he is not only unable to do her previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for [her], or whether [s]he would be hired if [s]he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent her from engaging in any kind of substantial gainful work which exists in the national economy.

6

claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment meets or equals a listed impairment, the claimant is presumptively disabled.  *See Ferraris*, 728 F.2d at 584.  If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of her past relevant work.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At Step Five, the ALJ determines whether the claimant can do any other work.  *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant has the burden of showing that she cannot perform past relevant work.  *See Ferraris*, 728 F.2d at 584.  However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work.  *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work existing in the national economy.  *See* 20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v); *see also New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

In this case, the ALJ found that Shambo satisfied Step One because she had not worked since her alleged onset date. (Tr. 24). In Step Two, the ALJ determined that Shambo had "severe" impairments due to "musculoskeletal impairments." (Tr. 23, 24). In Step Three, the ALJ determined that her impairments failed to equal an impairment or combination of impairments listed in, or medically equal to, one listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24). In Step Four, the ALJ determined that Shambo retained the RFC to perform sedentary work. *See id.* As such, the ALJ determined that Shambo was capable of doing her past relevant work as an office worker. *See id.* Consequently, he found Shambo not disabled and denied benefits. *See id.*

## C.     **Subjective Complaints of Pain**

Shambo claims that the ALJ improperly discounted her allegations of disabling pain, physical limitations, and other symptoms. The Commissioner is obligated to evaluate all of a claimant's "symptoms, including pain, and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other

8

evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a).  The ALJ must perform a two-step analysis.  *See* 20 C.F.R. §§ 404.1529, 416.929; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, 01-CV-899, 2003 WL 22145644, at *10 (N.D.N.Y. Sept. 11, 2003) (citation omitted).  First, based upon the objective medical evidence, the ALJ must determine whether the impairments "could reasonably be expected to produce the pain[3] or other symptoms alleged[.]..."  20 C.F.R. §§ 404.1529(a), 416.929(a); *see Crouch*, 2003 WL 22145644, at *10.  "Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work."  *Crouch*, 2003 WL 22145644, at *10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

A plaintiff may suffer some degree of pain as a result of a condition.  However, some pain does not automatically translate into disabling pain.  *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) ("disability

---

[3] The pain must be properly evaluated, considering the applicant's credibility and motivation as well as the medical evidence of impairment to reach an independent judgment concerning the true extent of the alleged pain, and the degree to which it hampers the applicant's ability to engage in substantial gainful employment.  *See Lugo v. Chater*, 94-CV-4633, 1996 U.S. Dist. LEXIS 5174, at *2 (S.D.N.Y. Apr. 18, 1996).

9

requires more than mere inability to work without pain"). Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability[.]..." 42 U.S.C. § 423(d)(5)(A).

Where the alleged symptoms suggest that the impairment is greater than demonstrated by objective medical evidence, the ALJ will consider other factors. These factors include "daily activities;...the location, duration, frequency and intensity of [claimant's] pain or other symptoms;...[t]he type, dosage, effectiveness and side effects of...medication;" and other treatments or measures to relieve those symptoms. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii); Social Security Ruling (SSR) 96-7p. "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p. Therefore, "[a]n [ALJ] may properly reject [subjective complaints of pain] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable [the court] to decide whether the determination is supported by substantial evidence." *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks and citation omitted).

Shambo claims that she suffers from chronic and persistent pain that precludes her from engaging in even sedentary work. In particular, Shambo alleges that she suffers from severe back pain, knee pain, wrist pain, and "shaky leg syndrome," which makes her legs shake while she is at rest. However, as the ALJ noted, the extent of the pain alleged is not supported by the objective medical evidence. (Tr. 23).

At the time of the ALJ's decision, Shambo was 36 years old. (Tr. 17). Shambo testified that she suffers from lower back pain, knee pain, and depression. (Tr. 23). The ALJ noted that Shambo had back surgery in February 2002, which helped decrease the pain. *See id.* Shambo also testified that she takes Ibuprofen and uses a heating pad to help with the back pain. As indicated in the record, Shambo had physical therapy prior to her surgery but not after. (Tr. 156-159). She does not receive any regular treatment for her knee pain. (Tr. 23). She does take medication to control her depression and anxiety, but she is not in any psychiatric treatment program. *See id.*

As the ALJ properly noted, the medical evidence does not support Shambo's contentions of disabling pain. The ALJ considered the entire medical record, detailing the evidence as it related to each of Shambo's

11

alleged impairments. (Tr. 17-23). In particular, the record demonstrates that Shambo has hypothyroidism, which is controlled by hormone replacement therapy. (Tr. 223-280). Shambo also reported right wrist pain. (Tr. 18). In August, 2001, Shambo had carpal tunnel release surgery, resulting in an improvement with her wrist pain. (Tr. 298-313). The ALJ properly concluded that Shambo's right wrist pain is not severe enough to render her disabled. (Tr. 18). The ALJ also considered Shambo's medical and cognitive impairments, concluding that the record does not demonstrate a severe mental impairment. (Tr. 20).

Moreover, the ALJ credited several physicians' opinions, including those of Shambo's treating physicians, Drs. DiRisio, Petroski, and Jorgensen. (Tr. 22). Dr. Darryl DiRisio, a treating neurosurgeon, diagnosed Shambo with degenerative disc disease of the lumbar spine. (Tr. 155). Dr. DiRisio encouraged Shambo to stop smoking on several occasions. (Tr. 155, 156, 157). Dr. DiRisio's examinations revealed normal range of motion, normal dorsiflexion, and excellent strength in the lower extremities. (Tr. 156-157, 159). Dr. Douglas Petroski, a treating orthopedist, opined that Shambo had "a partial disability of a moderate degree." (Tr. 164). In May 2002, Shambo was examined by Dr. Shawn

12

Jorgenson, a rehabilitation specialist. (Tr. 178-179). His examination revealed only mild pain in the lower sacral musculature, normal strength, and negative straight leg raise. (Tr. 178). Dr. Jorgenson opined that Shambo could do sedentary work and that she was restricted only in activities involving bending for objects less than two feet off the ground and lifting more than fifteen pounds. (Tr. 179).

Finally, Shambo's own testimony regarding her limitations supports the ALJ's disability determination. Shambo testified that she is still able to cook, take care of her personal needs, do daily shopping, take short walks, and socialize with friends. (Tr. 23). Her daily activities include getting her children off to school, shopping, and cooking. *See id.* Shambo also testified that she attends school full-time, and she will eventually transfer to a four-year college to complete her education.[4] (Tr. 23, 19).

Shambo's daily activities coupled with the lack of medical evidence belie her contention of disabling pain. Accordingly, the ALJ's decision was supported by substantial evidence.

### D.   **Combination of Impairments**

---

[4]Shambo testified that she wants to be a math teacher. (Tr. 23).

13

Shambo argues that the ALJ did not give appropriate weight to the combination of her impairments. More specifically, she claims that the ALJ focused mainly on her back pain, overlooking her other impairments.

The ALJ is obligated to consider the disabling effect of the claimant's combination of impairments without regard to whether any one impairment, if considered separately, would be disabling. *See* 20 C.F.R. §§ 404.1523, 416.923; *see also Dixon v. Shalala*, 54 F.3d 1019, 1031 (2d Cir. 1995). In instances when the claimant has multiple impairments, "it is the duty of the [ALJ] to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Barreto v. Barnhart*, 02-CV-4462, 2004 U.S. Dist. LEXIS 14257, at *13 (W.D.N.Y. July 26, 2004) (citing *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984)).

Here, the ALJ considered the medical evidence in the record and acknowledged that Shambo's impairments do impose restrictions on her functioning. (Tr. 23). The ALJ specifically limited Shambo's Residual Functioning Capacity to sedentary work. (Tr. 24). In doing so, he considered Shambo's exertional impairments as well as her non-exertional impairments. (Tr. 16-24).

14

In particular, the ALJ considered Shambo's mental and cognitive impairments, concluding that the evidence does not support the existence of a severe mental impairment. (Tr. 23). As the ALJ properly noted, psychological testing revealed that Shambo's intelligence was in the average range. (Tr. 135, 137, 182). Dr. Scarano-Osika performed a consultative psychiatric evaluation and assessed Shambo's global functioning at 70, representing only mild symptoms resulting from a mental impairment. (Tr. 180-183). As such, the record provides no evidence to establish the existence of severe mental impairments. The ALJ's decision expressly finds that the majority of Shambo's impairments are "no more than minimal limitations in her ability to perform basic work-related activities." (Tr. 19).

In step three of his analysis, the ALJ found that the medical evidence establishes that Shambo's only severe impairment is related to her musculoskeletal impairment. (Tr. 24). The ALJ concluded that the medical findings do not meet or medically equal the clinical criteria of any impairment or combination of impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24).

The ALJ conducted a thorough analysis of the medical evidence,

15

considering each impairment individually and Shambo's total combination of impairments. (Tr. 23-24). Accordingly, the ALJ's disability determination is supported by substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision denying benefits is **AFFIRMED**, and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

October 23, 2006
Albany, New York

*[signature]*
Gary L. Sharpe
U.S. District Judge